IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ALEXXIS PEAVY,                          :
                                        :
        Plaintiff,                      :        CASE NO.: 5:25-CV-99
                                        :
v.                                      :
                                        :
TYSON FOODS, INC.,                      :
                                        :
        Defendant.                      :

---

## COMPLAINT

Plaintiff Alexxis Peavy files this Complaint against Defendant Tyson Foods, Inc. ("Defendant") alleging violations of federal employment law related to her disability.

## PARTIES

1.

Peavy is a resident of Sumter County and submits to the jurisdiction of this Court.

2.

Tyson Foods, Inc., is a foreign profit corporation with its principal place of business in Springdale, Arkansas. This Defendant may be served by personal service of process upon its registered agent, the United Agent Group, Inc., 431 Vision Drive, Building F # 201, Cumming, Georgia 30040.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) because the matters in controversy arise under

the laws of the United States; to wit, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

4.

Pursuant to 28 U.S.C. § 1391(b) and M.D. Ga. L.R. 3.4, the Middle District of Georgia, Macon Division, is the appropriate venue because Defendant is not a Georgia resident and a substantial part of the events or omissions giving rise to this action arose in Dooly County, Georgia, which is within the referenced Division of this Court.

## ADMINISTRATIVE PROCEEDINGS

5.

Defendant is a covered employer under the ADA.

6.

Peavy timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination.

7.

The EEOC issued Peavy a Notice of the Right to Sue against Defendant, and this lawsuit was filed timely thereafter.

8.

Peavy made a good faith effort to comply with EEOC regulations and applicable law and to provide all relevant, specific information available.

9.

All conditions precedent to jurisdiction under the ADA have been satisfied.

10.

All administrative prerequisites to filing suit on Peavy's claims have been satisfied.

11.

This suit is timely, appropriate, and valid in all respects.

## STATEMENT OF FACTS

12.

On September 20, 2022, Peavy began work for Defendant at its facility in Vienna, Dooly County, Georgia.

13.

On September 12, 2023, Peavy suffered a disabling injury to her leg and was unable to work until September 25, 2023.

14.

Peavy notified Sheena Jones, a representative of Defendant, of her disability and need for leave.

15.

As a reasonable accommodation, Defendant granted Peavy leave through September 25, 2023.

16.

The following screenshots show that Peavy had leave approved through September 25, 2023.



17.

Peavy was terminated on September 13, 2023, which was prior to the expiration of her approved leave.

18.

Peavy was terminated within a week of her one-year work anniversary while she was on approved leave.

19.

Defendant's termination of Peavy constituted a revocation of a previously granted ADA accommodation.

### COUNT ONE

### Americans with Disabilities Act:  Disparate Treatment

20.

Peavy's September 2023 leg injury rendered her disabled.

21.

Defendant regarded Peavy as disabled.

22.

Plaintiff's disability actually motivated the decision to terminate her.

23.

As a direct, legal, and proximate result of Defendant's violations of Peavy's rights under the ADA, Peavy was and remains injured in an amount to be proven at trial.

24.

Defendant's actions were taken with malice or with reckless indifference to Peavy's federally protected rights.

25.

Defendant is liable to Peavy for all damages arising from its violations of her rights under the ADA in an amount to be proven at trial.

## COUNT TWO

### Americans with Disabilities Act:  Failure to Accommodate

26.

Peavy, who was a qualified individual with a disability, requested an accommodation of leave, and that request was granted.

27.

Even though the leave request was granted, Plaintiff was terminated before the expiration of said leave.

28.

Because Defendant would not grant Plaintiff a reasonable accommodation and/or revoked a previously granted accommodation, she was terminated and suffered damages in an amount to be proven at trial.

29.

Defendant's failure to accommodate Peavy constitutes discrimination under the ADA.

30.

As a direct, legal, and proximate result of Defendant's violations of Peavy's rights under the ADA, Peavy was and remains injured in an amount to be proven at trial.

31.

Defendant's actions were taken with malice or with reckless indifference to Peavy's federally protected rights.

32.

Defendant is liable to Peavy for all damages arising from its violations of her rights under the ADA in an amount to be proven at trial.

## **COUNT THREE**

### **Americans with Disabilities Act:  Retaliation**

33.

Plaintiff informed Defendant that she had work restrictions due to a disability and requested an accommodation of leave.

34.

Plaintiff was disabled, and Defendant regarded Plaintiff as disabled.

35.

Plaintiff engaged in statutorily protected conduct by requesting an accommodation.

36.

Plaintiff's statutorily protected conduct was a motivating factor for her termination.

37.

As a direct, legal, and proximate result of Defendant's violations of Peavy's rights under the ADA, Peavy was and remains injured in an amount to be proven at trial.

38.

Defendant's actions were taken with malice or with reckless indifference to Peavy's federally protected rights.

39.

Defendant is liable to Peavy for all damages arising from their violations of her rights under the ADA in an amount to be proven at trial.

## **COUNT FOUR**

### **Family and Medical Leave Act:  Interference**

40.

Defendant is an employer covered by the FMLA.

41.

At the time of her termination, Peavy was 7 days shy of her one-year work anniversary with Defendant.

42.

In other words, Peavy was 7 days shy of FMLA leave entitlement.

43.

Peavy made a pre-eligibility request for FMLA leave.

44.

Peavy was granted an accommodation of leave prior to her termination.

45.

Defendant's termination of Peavy interfered with, restrained, and denied the exercise of or attempt to exercise FMLA rights in violation of 29 U.S.C. § 2615.

46.

As a result of Defendant's interference with Peavy's ability to exercise FMLA rights, she is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay, non-wage monetary losses, liquidated damages, interest, attorney fees, and other costs of this action.

## COUNT FIVE

### Family and Medical Leave Act:  Retaliation

47.

Defendant is an employer covered by the FMLA.

48.

At the time of her termination, Peavy was 7 days shy of her one-year work anniversary with Defendant.

49.

In other words, Peavy was 7 days shy of FMLA leave entitlement.

50.

Peavy made a pre-eligibility request for FMLA leave.

51.

Peavy was granted an accommodation of leave prior to her termination.

52.

Peavy engaged in activity protected by the FMLA by giving Defendant notice of her need to take FMLA leave at the time of her looming eligibility just one week later.

53.

Peavy was terminated as a result of her intention and action to exercise her FMLA rights.  The termination was an adverse employment decision.

54.

Defendant terminated Peavy because she engaged in activity protected by the FMLA.

55.

As a result of Defendant's retaliatory conduct against Peavy for exercising FMLA rights, she is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay, non-wage monetary losses, liquidated damages, interest, attorney fees, and other costs of this action.

### **PRAYER FOR RELIEF**

WHEREFORE, Peavy demands a TRIAL BY JURY and the following relief:

(a)    Declaratory judgment that Defendant's actions violated Peavy's FMLA and ADA rights;

(b)    An award of full back pay from the date of the adverse employment action taking into account all raises to which Peavy would have been entitled but for Defendant's unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon plus an equal amount as liquidated damages under the FMLA;

(c)    Reinstatement or an award of front pay to compensate Peavy for lost future wages, benefits, and pension;

(d)    Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Peavy's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e)    Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Peavy and deter Defendant from similar conduct in the future;

(f)    Wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the FMLA violations plus an equal additional amount as liquidated damages;

(g)    Interest on the amount demanded in paragraph (b) above calculated at the prevailing rate;

(h)    Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(i)    Judgment against Defendant for damages incurred by Peavy;

(j)    Judgment against Defendant in an amount to fully and adequately compensate Peavy;

(k)    Such equitable relief as may be appropriate, including employment, reinstatement, or promotion;

(l)    An award of pre-judgment and post-judgment interest;

(m)    A trial by jury on all issues triable to a jury; and

(n)    Other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted this 12th day of March 2025.

By:    /s/ Douglas H. Dean
        Georgia Bar No. 130988
        Attorney for Plaintiff
        Dean Thaxton, LLC
        601 E. 14th Avenue (31015)
        Post Office Box 5005
        Cordele, Georgia 31010
        T:  (229) 271-9323
        F:  (229) 271-9324
        E:  *doug@deanthaxton.law*